IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| WARDELL FLEMING, ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | |
| vs. ) | Case No. 2:15-CV-02799-JPM |
| ) | |
| JANSSEN PHARMACEUTICALS, INC. ) | |
| ET. AL., ) | |
| ) | |
|    *Defendants*. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S JUNE 6, 2016 ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST JOHNSON & JOHNSON AND REQUEST FOR MODIFICATION OF THE DISCOVERY DEADLINE**

**INTRODUCTION**

Plaintiff Wardell Fleming alleges he ingested Defendants' product, Invokana, and was subsequently injured as a result of Invokana's defects and Defendants' collective conduct. In response to Plaintiff's Complaint, Defendants Janssen Pharmaceuticals, Inc. (JPI), and Johnson & Johnson (J&J) filed a motion to dismiss the Complaint on various grounds. *See* (ECF No. 18). On June 6, 2016, the Court ordered the dismissal, with prejudice, of all of Plaintiff's claims against J&J, finding that the Court could not exercise jurisdiction over J&J. *See* (ECF No. 55). Prior to ordering dismissal of all claims against J&J, Plaintiff argued, in response to Defendants' motion to dismiss, that the Complaint's allegations are sufficient to establish the Court's authority to exercise jurisdiction over J&J, but alternately, requested jurisdictional discovery in the event the Court found the Complaint's allegations deficient. *See Plaintiff's Response to Defednants' Motion to Dismiss*, (ECF No. 33), at 17. Indeed, after oral argument, where Plaintiff again argued the Complaint was sufficient, but alternately, requested leave to conduct personal

jurisdiction discovery, the Court adopted and docketed a scheduling order establishing July 15, 2016 as the jurisdictional discovery deadline. (ECF No. 37). Nevertheless, before the expiration of the July 15, 2016 deadline, the Court dismissed Plaintiff's Complaint against J&J, with prejudice, preventing Plaintiff from obtaining discovery. Plaintiff respectfully requests the Court to reconsider its ruling, and afford Plaintiff the opportunity to conduct essential discovery, pursuant to the intent of the scheduling order. In light of these circumstances, Plaintiff also requests the Court extend the jurisdictional discovery deadline.

**ARGUMENT**

**I.   PLAINTIFF REQUESTS THE COURT RECONSIDER ITS JUNE 6, 2016 ORDER DISMISSING J&J BECAUSE THE JURISDICTIONAL DISCOVERY DEADLINE HAD YET TO EXPIRE**

Believing the Court failed to consider material facts or dispositive legal arguments in issuing the June 6, 2016 Order, Plaintiff respectfully requests this Court to reconsider its ruling pursuant to Fed. R. Civ. P. 54(b) and Local Rule 7.3. "District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund,* 89 F.App'x 949, 952 (6th Cir. 2004) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)). In the Sixth Circuit, "courts will find justification for reconsidering interlocutory orders when there is . . . a need to correct a clear error or prevent manifest injustice." *Biel Loanco III-A, LLC v. Labry*, 862 F. Supp. 2d 766, 787 (W.D. Tenn. 2012). In this District, under Local Rule 7.3, a motion for reconsideration may be granted when the moving party can show "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order." W.D. Tenn. L.R. 7.3.

Here, Plaintiff respectfully submits that the Court overlooked the pending jurisdictional discovery deadline before issuing its June 6, 2016 Order, and requests reconsideration in light of

2

that fact. As the Court correctly noted in its June 6, 2016 Order, to establish personal jurisdiction over Defendants, the Plaintiff must allege facts which establish a prima facie showing that Defendants purposefully availed themselves of the laws of this forum, that the cause of action arises from Defendants' activities in this forum, and that Defendants' contacts with the forum are substantial enough to make the exercise of jurisdiction reasonable. Order, (ECF No. 55), at 7. As alleged in the Complaint, and noted by the Court, J&J reaps tremendous financial gain from its product's, Invokana, national sales. *See Compl.* at ¶ 20; (ECF No. 55), at 9. While under the Sixth Circuit's "stream of commerce plus" analysis, nationwide sales and marketing activities alone may not be enough to confer jurisdiction, at the very least, Invokana's national sales demonstrate substantial contact between the forum and J&J. In that vein, Plaintiff alternately requested personal jurisdiction discovery to gain access to information and documents, which are in the sole possession of Defendants, to show when and how J&J targeted the forum, and how the resulting contacts give rise to this cause of action. "Discovery may be appropriate when a defendant moves to dismiss for lack of jurisdiction" with the scope of discovery squarely within the discretion of the district court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

After issuing the scheduling order establishing the July 15, 2016 jurisdictional discovery deadline, Plaintiff contacted Defendants multiple times in an effort to schedule depositions intended to uncover information which will demonstrate the Court's authority to exercise jurisdiction over J&J. Nevertheless, Defendants' failed to substantively respond to Plaintiff's correspondence, and as a result Plaintiff has not yet had the opportunity to conduct jurisdictional discovery. In the meantime, the Court issued its June 6, 2016 Order, foreclosing Plaintiff's opportunity to develop facts necessary for the Court to make an informed decision, even though

the pending deadline had yet to expire. Plaintiff believes the Court failed to consider the pending jurisdictional discovery deadline, and because Plaintiff has not yet been able to conduct discovery, through no fault of his own, the July 6, 2016 Order presents clear error resulting in manifest injustice. Accordingly, the Court should revise its ruling.

## II. PLAINTIFF REQUESTS AN EXTENSION OF THE JULY 15, 2016 JURISDICTIONAL DISCOVERY DEADLINE

Moreover, because Plaintiff is prevented from conducting jurisdictional discovery while this motion is pending, it is unlikely that, should the Court rule in Plaintiff's favor here, the July 15, 2016 jurisdictional discovery deadline can be met. Thus, in the event the Court rules in Plaintiff's favor here, Plaintiff requests a reasonable extension of the deadline. A schedule may be modified for good cause. Fed. R. Civ. P. 16(b)(4). "Good cause exists when a deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Speck v. City of Memphis*, No. 07-2019 B/P, 2008 WL 2152256, at *1 ( W.D. Tenn. May 21, 2008) (internal quotations omitted). Thus, the Court should grant an extension of the July 15, 2016 deadline to October 15, 2016, or another date agreeable to the parties, and the Court.

### Conclusion

Accordingly, for the foregoing reasons, Plaintiff respectfully requests this Court to reconsider its ruling dismissing J&J from all claims. Additionally, upon granting Plaintiff's Motion to Reconsider, Plaintiff requests a reasonable extension of the July 15, 2016 deadline to October 15, 2016, or another date agreeable to the parties, and the Court.

Dated: June 16, 2016 Respectfully submitted,

   /s/ *Travis P. Lepicier*
*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 17th day of June, 2016, a copy of the foregoing was filed electronically with the Clerk of Court to be served via the Court's electronic case filing system on all counsel of record.

    /s/ *Travis P. Lepicier*
Timothy M. O'Brien, Esq. (*Via Pro Hac Vice*)
Florida Bar No. 055565
Travis P. Lepicier, Esq. (*Via Pro Hac Vice*)
Florida Bar No.
LEVIN PAPANTONIO, ET AL.
316 S. Baylen Street, 6th Floor
Pensacola, FL 32502
850-435-7084
850-436-6084 (fax)
tobrien@levinlaw.com
tlepicier@levinlaw.com

Timothy R. Holton, Esq. (Bar # 11832)
HOLTON LAW FIRM
296 Washington Avenue
Memphis, TN 38103
tholton@holtonlaw.com

*ATTORNEYS FOR PLAINTIFF*